I. T. DAHL AND ALTIE DAHL, Appellants, v. OLE THOMPSON.

**Homestead Right: EQUITABLE TITLE.** The wife of the purchaser of land, who went into possession under a contract of purchase, but afterwards, being unable to make the payments, sold the land, and assigned the contract to another, who had furnished all the money paid thereon, acquired by the transaction no rights of homestead or dowry in the premises, which she can assert against the assignee, though she did not join in the assignment.

**Contract of Purchase: WAIVER.** A purchaser of land who agrees that the deed thereto shall be given to a third person, upon the latter's paying the purchase price and certain debts due from the former, on condition of his giving a contract entitling the purchaser to the land upon re-paying the amount so paid, waives his right to re-purchase by taking a lease of the land from such third person and remaining in possession thereunder.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 27, 1896.

ACTION in equity to compel the conveyance of certain real estate, or, if that cannot be done, to recover the value thereof. Defendant answered, denying generally, and by cross-bill asks for an accounting and judgment. Plaintiffs, in reply, deny the allegations in the cross-bill. Decree was rendered dismissing plaintiffs' petition, from which they appeal.—*Affirmed.*

*C. M. Nagle* and *W. D. Evans* for appellants.

*C. F. Petersen* and *John Jamieson* for appellee.

GIVEN, J.—I. Plaintiffs are husband and wife, and, prior to September, 1891, were in the employ of the defendant. I. T. Dahl, though without means,

desired to purchase some land, with a view of improving it, and, if necessary, of selling it at an advance, and solicited the aid of the defendant. Defendant agreed to assist him in making the first payment, if he could get a tract on such terms that he could make the deferred payments. One Whitsell held the one hundred and sixty acres of land in question, under a written contract of purchase from Ellsworth & Jones, the consideration being two thousand eight hundred and eighty dollars, of which two thousand three hundred and eighty dollars was unpaid. On September 17, 1891, Mr. Dahl took an assignment of this contract from Whitsell, paying therefor three hundred dollars in cash and his note for two hundred dollars. Dahl being without means, the defendant indorsed for him, in blank, for three hundred dollars, and subsequently indorsed for him for a loan of three hundred dollars, with which the note to the bank was paid, and, after maturity, defendant paid this second note. At the time defendant consented to become surety for the three hundred dollars, it was agreed that, on receiving the contract, Dahl should assign it to defendant as indemnity, which he thereafter did. Thereafter, the plaintiffs went into possession of the land as their own, erected a dwelling house, and made other improvements thereon, for which Mr. Dahl became indebted to the full cost thereof. When the deferred payment of two hundred dollars to Whitsell and the interest on the deferred payment to Ellsworth & Jones became due, plaintiffs were unable to pay the same, and it was thereupon agreed between I. T. Dahl and defendant, that defendant should take the land under the contract at twenty-four dollars per acre, and pay therefor by paying the purchase price and interest to Whitsell and to Ellsworth & Jones, by canceling Dahl's indebtedness to him and paying certain other debts which

Dahl owed. It was also agreed that defendant would "give a contract back" entitling Dahl to the land upon his repaying the defendant. The contract of purchase provided for a forfeiture thereof, and of payments and improvements, for failure to make any of the payments as therein provided. Having agreed as above stated, the defendant paid the purchase price in full, and received a deed for the land from Ellsworth & Jones. Thereafter, in April, 1893, the defendant leased said land, to March 1, 1894, to I. T. Dahl, with the knowledge and acquiescence of Mrs. Dahl, and received his share of the grain rent from I. T. Dahl as agreed. Plaintiffs were in possession under this lease at the time this action was commenced, December 21, 1893, and were in possession at the time of the hearing below, March 27, 1894. The defendant, to enable himself to make the payments required, negotiated a loan on the land for two thousand five hundred dollars, and thereafter, and before the commencement of this action, while plaintiffs were in possession under said lease, sold and conveyed it to one Henry Anderson, for the consideration of four thousand four hundred dollars. It is charged that the defendant acted fraudulently in procuring the deed from Ellsworth & Jones, but the charge is not supported by the testimony. We are in no doubt but that he acted throughout in good faith towards the plaintiffs, and for the purpose of protecting himself.

II.  Appellants ask that defendants be required to convey said land to them. This they are not entitled to for several reasons. They never paid any part of the purchase price, and only offer now to pay the three hundred dollars. They consented to defendant's receiving the deed on the terms heretofore stated, all of which he has performed, and they failed to make Mr. Anderson, to whom the land had been previously conveyed, a party to this action. Plaintiffs' further

demand is that, if a conveyance cannot be ordered, that the value of the land and the value of the homestead and dower right of Mrs. Dahl be determined, and that she have judgment therefor, and that I. T. Dahl have judgment for the remainder of the value of the land. Clearly, I. T. Dahl is not entitled to such relief. He agreed that defendant should take the land, and pay for it as already stated. True, defendant was to give him back a contract entitling him to the land upon certain conditions, which he never did; but the reasons are obvious. Mr. Dahl was unable to purchase back the land, and, in taking a lease as he did, he waived his right to do so. As to the claim of Mrs. Dahl, it is sufficient to say that, as against this defendant, she never acquired a homestead or dower right in that land. True, she did not join in the assignment of the contract of purchase to the defendant; but it was agreed to be assigned, and was assigned, to him, by Mr. Dahl, before Mrs. Dahl could have acquired any homestead or dower right in the land. Had plaintiffs asked it, they would be entitled to an accounting , and to any balance due them on the land at twenty-four dollars per acre. This they do not ask; but we have examined as to payments made by the defendant under his agreement, and find that he has fully paid for the land at the agreed price of twenty-four dollars per acre. As defendant is not insisting upon a judgment under his cross-bill, we need not determine the amount of the excess. The decree of the district court is AFFIRMED.